Moreno v Hossain

2026 NY Slip Op 03159

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Felix E. Moreno, appellant,

v

Enayet Hossain, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2021-04463, (Index No. 701854/19)

Betsy Barros, J.P.

Linda Christopher

Carl J. Landicino

Laurence L. Love, JJ.

Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Garden City, NY (Mark R. Bernstein of counsel), for appellant.

Romano Benowitz & Brochetelli, LLP, New York, NY (Lance E. Benowitz of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated June 11, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) are denied.

In September 2017, the plaintiff, then employed by A & A Home Improvement, Inc., allegedly was injured while performing work on property owned by the defendants (hereinafter the premises). According to the plaintiff, the accident occurred when, as he and his supervisor were lifting a mirror to remove it from a wall in a second-floor rental apartment of the premises, the upper part of the mirror broke off and struck the plaintiff in his hand. The plaintiff commenced this action against the defendants alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The defendants subsequently moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order dated June 11, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiff appeals.

Labor Law §§ 240(1) and 241(6) impose nondelegable duties upon property owners to comply with certain safety practices for the protection of workers engaged in certain activities. Both statutes exempt from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (id. §§ 240[1]; 241[6]). However "'[r]enovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose'" (Argueta v Hall & Wright, LLC, 230 AD3d 1200, 1203, quoting Pawelic v Siegel, 220 AD3d 883, 884; see Batzin v Ferrone, 140 AD3d 1102, 1103). Where the property serves both residential and commercial purposes, "[a] determination as to whether the exemption applies in a particular case turns on the nature of the site and the purpose of the work being performed, and must be based on [*2]the owner's intentions at the time of the injury" (Pawelic v Siegel, 220 AD3d at 884 [internal quotation marks omitted]; see Argueta v Hall & Wright, LLC, 230 AD3d at 1203; Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721).

Here, contrary to the Supreme Court's determination, the defendants failed to eliminate triable issues of fact as to whether they were entitled to the homeowner's exemption to Labor Law §§ 240(1) and 241(6), including whether the premises had a commercial purpose and whether the work the plaintiff performed related to a commercial purpose of the premises (see Pawelic v Siegel, 220 AD3d at 885; Chorzepa v Brzyska, 143 AD3d 935, 937; Batzin v Ferrone, 140 AD3d at 1103).

The parties' remaining contentions are not properly before this Court.

BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court